STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **A.M.**

**No. 20-0922** (Kanawha County 20-JA-81)

**MEMORANDUM DECISION**

Petitioner Mother A.P., by counsel Kevin P. Davis, appeals the Circuit Court of Kanawha County's October 8, 2020, order terminating her parental rights to A.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine A. Campbell, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Jennifer N. Taylor, filed a response on the child's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2020, the DHHR filed a child abuse and neglect petition alleging that petitioner had failed to provide the child with the necessary food, clothing, supervision, and housing and that her parental rights to an older child had been previously terminated. According to the DHHR, A.M.'s grandmother was granted guardianship in 2019 due to petitioner's substance abuse and the father's incarceration. Since the grandmother had been granted legal guardianship, the DHHR learned that she had "placed [A.M.]" with another family, and the child was residing in that home six days of the week. However, the grandmother continued to have access to the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

child's WIC benefits and guardianship stipend.[2] The DHHR alleged that the grandmother had misrepresented her relationship with A.M. and included her as an adult respondent.

On February 21, 2020, the circuit court held a preliminary hearing, at which time the grandmother voluntarily relinquished her guardianship rights to the child. Petitioner appeared in person and by counsel. She admitted to her prior termination of parental rights but asserted that she no longer abused illicit substances, was participating in a Suboxone program, and had experienced a substantial change in circumstances. Petitioner moved to be provided services, to which the DHHR agreed. The circuit court ordered petitioner to participate in random drug screening and required that the physician supervising her Suboxone treatment appear at a subsequent hearing to ensure petitioner was complying with the program.

The circuit court held an adjudicatory hearing in July of 2020.[3] During her testimony, petitioner admitted that she relapsed in her substance abuse. Ultimately, the circuit court found that petitioner had neglected the child based on her substance abuse, her failure to properly support and parent the child, her prior termination of parental rights to an older child, and her failure to remedy the conditions that led to the prior termination of her parental rights. Accordingly, the circuit court adjudicated petitioner as an abusing parent and the child as an abused and neglected child. Thereafter, petitioner moved for an improvement period.

The circuit court held the dispositional hearing in September of 2020. Petitioner failed to appear but was represented by counsel. The DHHR presented evidence that petitioner had not submitted to random drug screening since July 1, 2020, and was not in compliance with the terms of her Suboxone program. According to the DHHR, petitioner reported to her service providers that "her services were stopped," which was incorrect, and she ceased contact with DHHR case workers. The DHHR also presented testimony that petitioner failed to attend a multidisciplinary treatment team meeting prior to the dispositional hearing. Petitioner presented no evidence. The circuit court concluded that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future, as she had demonstrated an inadequate capacity to solve the problems of child abuse and neglect on her own or with assistance. Finally, the circuit court found that it was necessary for the welfare of the child to terminate petitioner's parental

---

[2]"WIC" refers to the Special Supplemental Nutrition Program for Women, Infants, and Children.

[3]Although, the parties failed to provide the adjudicatory order on appeal, some relevant information was gleaned from the circuit court's October 8, 2020, dispositional order. Notably, this order was incorrectly titled "adjudicatory order," but clearly determines the disposition for the child abuse and neglect petition. Additionally, petitioner included the adjudicatory hearing transcript, but it appears that the circuit court reserved its findings of fact and conclusions of law for the written order that followed, which is consistent with Rule 27 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. Regardless, petitioner does not challenge her adjudication as an abusing parent, and, therefore, further detail is unnecessary.

rights. Accordingly, the circuit court denied petitioner's motion for an improvement period and terminated her parental rights by its October 8, 2020, order. Petitioner now appeals this order.[4]

This Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her an improvement period and in terminating her parental rights. She asserts that "[t]he testimony and evidence presented indicated the strong bond that our laws protect [was] being severed unjustly and without remorse." According to petitioner, the only "clear" evidence in the proceedings below was that "the child ha[d] a bond with [petitioner] and deserve[d] to be with [her]." She further states that the only reason her parental rights were terminated was because "she briefly relapsed." Petitioner's argument not only misstates the record on appeal but wholly disregards the circuit court's findings of fact that support the denial of her motion for an improvement period and the termination of her parental rights.

To be granted an improvement period, West Virginia Code § 49-4-610(2)(B) requires that the parent "demonstrate[], by clear and convincing evidence, that [she is] likely to fully participate in the improvement period."[5] It is well established that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). Further,

> [w]here an abuse and neglect petition is filed based on prior involuntary termination(s) of parental rights to a sibling, if such prior involuntary termination(s) involved neglect or non-aggravated abuse, the parent(s) may meet the statutory

---

[4]The father's parental rights were also terminated below. According to the parties, the permanency plan for A.M. is adoption in her current placement.

[5]To the extent that petitioner argues that the circuit court erred in denying her a post-adjudicatory improvement period or a post-dispositional improvement period, the standard to be granted either improvement period is the same. *See* W. Va. Code §§ 49-4-610(2) and 610(3).

standard for receiving an improvement period with appropriate conditions, and the court may direct the Department of Health and Human Resources to make reasonable efforts to reunify the parent(s) and child. Under these circumstances, the court should give due consideration to the types of remedial measures in which the parent(s) participated or are currently participating and whether the circumstances leading to the prior involuntary termination(s) have been remedied.

Syl. Pt. 5, *In re George Glen B., Jr.*, 205 W. Va. 435, 518 S.E.2d 863 (1999). Here, petitioner did not meet her burden that she was likely to fully participate in an improvement period. Although petitioner showed early signs of compliance, she had ceased cooperating with services by the dispositional hearing. The DHHR presented evidence that petitioner failed to participate in drug screening and would not communicate with DHHR workers. Additionally, petitioner was not in compliance with her Suboxone program, following her admitted relapse earlier in the proceedings. Critically, petitioner presented no evidence in rebuttal. Based on the evidence presented, the circuit court was well within its discretion to deny petitioner's motion for an improvement period in this case, as petitioner had shown no signs that she would substantially participate in the same, and we find no error in its decision.

The same evidence serves to support the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination of parental rights is necessary for the welfare of the child. West Virginia Code § 49-4-604(d) sets forth that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future when the parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Notably, the West Virginia Code provides that such conditions exist when "the abusing parent or parents have willfully refused or are presently unwilling to cooperate in the development of a reasonable family case plan." W. Va. Code § 49-4-604(d)(2). Finally, "the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in [W. Va. Code § 49-4-605(a)] is present."[6] *George Glen B., Jr.*, 205 W. Va. at 437, 518 S.E.2d at 865, syl. pt. 2, in part. Such a factor is present here, i.e., petitioner's parental rights to another child have been terminated involuntarily.

Here, the circuit court properly found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect or abuse in the near future because she failed to cooperate with the DHHR following her adjudication as a neglectful parent. Although petitioner was offered services to remedy the conditions of neglect and abuse, she refused to participate in those services. Likewise, there was no evidence introduced that she had corrected the conditions of neglect and abuse by the dispositional hearing. Petitioner argues that her parental rights were "stripped because she was struggling with addiction and obtaining treatment for it." Yet, again, petitioner misstates the evidence below. By the time of the dispositional hearing, there was no

---

[6]West Virginia Code § 49-4-605(a)(3) provides, in relevant part, "the department shall file or join in a petition or otherwise seek a ruling in any pending proceeding to terminate parental rights . . . [i]f . . . the parental rights of the parent to another child have been terminated involuntarily."

evidence presented that petitioner continued to attempt to remedy the conditions of neglect or abuse. Rather, the DHHR presented evidence that petitioner had relapsed into substance abuse and stopped participating in services that were designed to remedy the conditions of neglect and abuse. To the extent that petitioner argues that she shared a substantial bond with the child, we note that she provides no citation to support such a claim, and, indeed, the record on appeal does not support this assertion. Finally,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Because the requisite findings are fully supported by the record on appeal, we find no error in the circuit court's disposition.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 8, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: April 20, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton